BaRney, J.,
delivered the opinion of the court:
This case comes to this court under the Tucker Act by a resolution of the Senate.
The bill referred is given in full in the statement of case herein, and, briefly stated, is a bill providing for the payment to the claimant of $4,015.38, in full payment and discharge of the claim of the claimant for work done.and material furnished in the construction of the United States double-ender Mattabessett, as per report of what is commonly known as the Selfridge Board.
This Board consisted of Commodore Self ridge and two other naval officers, and ivas organized pursuant to a resolu-* tion of the Senate passed March 9, 1865. By the terms of said resolution it was made the duty of this Board to inquire into and report to the Senate how much the vessels of war and steam machinery contracted for-by the Government during the years 1862 and .1863 cost the contractors over and above the contract price and allowance for extra work. This Board made investigations of these matters pursuant to said resolution, and its report is embodied in Senate Report No. 1942, Fifty-seventh Congress, first session. Arising from this report several cases have come before this court from Congress under the Tucker Act. The bills so referred have been for the payment of a specified sum, “ as per report of Thomas 0. Selfridge,” or words of similar import, and that is the form of the bill referred in this case.
This court, in determining the amount of damages accruing to the claimants in such cases, confines itself to the amount as found by said naval Board. These bills generally, if not invariably, correspond in amount to the findings of the Selfridge Board. That Board was appointed and discharged its duties shortly after these questions arose and while all or *384 nearly all of the witnesses to the whole transaction were still living and the facts were fresh in their recollection. After the lapse of more than forty years evidence introduced will be but a faint echo of what was certain at that time. The testimony produced in the case at bar is a good illustration of that fact, being little more than a belief in the verity of the evidence given before the Selfridge Board.
We are further constrained not to go beyond the report of the Selfridge Board from the form of and the amount stated in the bill referred to us. It is for “ the sum of four thousand and fifteen dollars and thirty-eight cents, in full payment and discharge of the claim of said George T. Sampson for work done and material furnished, as per report of Thomas 0. Selfridge, &c.”
By the terms of the fourteenth section of the Tucker Act Ave are required in such case to report to Congress “ the facts in the case, and the amount, where the same can be liquidated.” Now, what “ case ” has been referred to us to report upon? Evidently the case made out by the bill in question and no other. In this case the bill is for $4,015.38, as per the report of the Selfridge Board, and AAre do not think we are called upon to go beyond that board or that amount, especially as no evidence has been offered to impeach the finding of the board, while some evidence has been produced to support it.
Again, if a bill for a greater amount or depending upon any other report or state of facts had been introduced in the Senate, that branch of Congress might not have consented to refer it to the court, but it did consent to refer this bill and this case to this court, and no other. Any other vieAv of the case would authorize this court to return findings for a million dollars when the bill provided for the payment of but one thousand, thus evading the evident intention of the Tucker Act and making possible a fraudulent deception of Congress. Under the Bowman Act the provision is that “ Avhenever a claim of matter is pending,” it may be referred to this court, while under the Tucker Act the reference is of a bill “ providing for the payment of a claim against the United States, legal or equitable,” which implies the payment of the sum provided for in the bill and no more.
*385 It is urgently contended by the claimant that the resolution of reference in this case broadens the jurisdiction of this court in making up its findings, and should be looked to for that purpose. We do not agree with this contention. This court gets its jurisdiction in this class of cases from the Tucker Act, and from that alone. The resolution of reference is but the vehicle by which the bill comes to this court and serves no other purpose; otherwise one branch of Congress alone would be enabled to enlarge the jurisdiction of this court. When the case is in this court we look to the bill referred to us, and no further, to determine the matter before the court for investigation and report.
Taking- this view of the case, we deem it our duty to report only upon a claim, as reported by the Selfridge Board, for the sum of $4,015.38. The findings and this opinion will accordingly be certified to Congress.